IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-01224-PSF-CBS

UNITED STATES OF AMERICA, *ex rel.*
BOBBY MAXWELL,

    Plaintiffs,

v.

KERR-McGEE OIL & GAS CORPORATION, a Delaware corporation,

    Defendant.

## ORDER ON MOTION TO STAY AND MOTION TO ENTER JUDGMENT

This matter is before the Court on Relator's counsel's Motion to Finalize and Enter Judgment on Behalf of the United States of America (Dkt. # 232), filed on April 6, 2007, and the United States' Motion to Stay Entry of Judgment for Thirty Days (Dkt. # 233), filed on April 11, 2007. The motions are fully briefed and ripe for disposition. Having considered the arguments of counsel and the applicable law, the Court now enters the following Order.

**I.   BACKGROUND**

Relator Bobby Maxwell commenced this *qui tam* action on June 14, 2004 against Kerr-McGee and related entities under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq. See generally* Compl. (Dkt. # 1). On September 1, 2004, November 2, 2004, and December 3, 2004, the United States filed motions to extend the time for it to consider whether to elect to intervene (Dkt. ## 4, 10, 13), and the Court granted all

three motions (Dkt. ## 5, 11, 14). On January 7, 2005, the United States filed its Notice of Election to Decline Intervention (Dkt. # 15). Until its recently filed Motion to Stay suggested otherwise, the United States had not indicated any change in its position on whether to intervene in this action.

A jury trial was held from January 16, 2007 to January 23, 2007 on Maxwell's claims, and after all defendants except Kerr-McGee were dismissed by stipulation of the parties, the jury found that Kerr-McGee knowingly made or used a false record or statement in order to conceal, avoid, or decrease an obligation to pay money to the United States Government in violation of the FCA. Verdict Form (Dkt. # 198) at 1. The jury awarded damages of $7,555,886.28, representing the amount that the government was not paid as a result of Kerr-McGee's submission of false records. *Id.* at 2. After trial, the Court deferred entry of judgment to allow the parties to submit briefing on the contents of the judgment. Simultaneously with that briefing, on February 1, 2007, Kerr-McGee filed a Motion for Findings and Conclusions Regarding the Court's Subject Matter Jurisdiction, Request for Hearing, and to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. # 214), which was fully briefed by the parties. This Court held a hearing on that motion and on the contents of the judgment on March 1, 2007.

On March 30, 2007, the Court entered an Order granting Kerr-McGee's motion and dismissing the case with prejudice for lack of subject matter jurisdiction (Dkt. # 231); however, no judgment set forth on a "separate document" has yet been entered. F.R.Civ.P. 58(a)(1) (with certain exceptions not applicable here, "[e]very judgment . . . must be set forth on a separate document"); F.R.Civ.P. 58(b) (noting that, when Rule

58(a)(1) requires a separate document, judgment is entered upon the earlier of (1) the judgment's being set forth on a separate document, or (2) 150 days from entry in the civil docket under Rule 79(a)).  After this Court issued its order of dismissal, relator's counsel and the United States filed the motions that are the subject of this Order.

## II.     MOTION TO STAY

The United States has moved to stay entry of judgment for a period of thirty days, or until May 11, 2007, to give the United States time to consider whether it will seek leave to intervene in this case.  U.S.'s Mot. at 4.  However, even if the United States were to seek leave to intervene,[1] this Court would have no power to decide such a motion, regardless of its merit.  As the Tenth Circuit summarized in *Cunningham v. BHP Petroleum Great Britain, PLC*,

> because the district court never had jurisdiction over the case, it had no power to rule on any substantive motions or to enter judgment in the case. A court may not . . . exercise authority over a case for which it does not have subject matter jurisdiction.  Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.  [A] judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action.

427 F.3d 1238, 1245 (10th Cir. 2005) (internal citations and quotations omitted) (alterations in original).

Because this Court has held that it lacks subject matter jurisdiction over this action, it has no power to rule on a motion to intervene, if one were filed by the United States, or any other substantive motion.  Accordingly, staying entry of judgment to allow

---

[1] As of the date of this Order, May 2, 2007, the United States has not filed a motion to intervene.

the United States to consider whether to file such a motion would be futile, and the motion to stay is denied.

### III.   MOTION TO ENTER JUDGMENT ON BEHALF OF UNITED STATES

Relator's counsel have filed a motion requesting that the Court enter judgment on the jury's verdict on behalf of the United States, notwithstanding the Court's ruling that it lacks subject matter jurisdiction.[2]  Relying on the recent Supreme Court opinion in *Rockwell International Corp. v. United States*, 127 S.Ct. 1397 (2007), relator's counsel contend that "a False Claims Act verdict belongs to the United States of America, regardless of the Relator's status in the action," and that the verdict in favor of the United States should remain undisturbed.  Rel.'s Mot. at 3.  Thus, relator's counsel essentially assert that this Court's prior holding that Relator Maxwell failed to satisfy the FCA's jurisdictional prerequisites does not deprive the Court of jurisdiction to enter a judgment on behalf of the United States.  Assuming the Court even has the power to consider this motion despite its prior ruling, entry of judgment is not warranted under *Rockwell*.

In *Rockwell*, the relator filed a *qui tam* suit under the False Claims Act in July 1989.  127 S.Ct. at 1403.  The United States initially declined to intervene, but later reversed course, and the district court granted the Government's intervention in November 1996, well before the case went to trial in 1999.  *Id.* at 1404.  The jury found in favor of the relator, and the district court entered judgment on the jury's verdict.  *Id.*

---

[2] The Court notes that this motion was filed by relator's counsel (not relator himself) on behalf of the United States, which relator's attorneys do not represent.

The district court denied the defendant's post-verdict motion to dismiss, holding that the relator met the False Claims Act's jurisdictional requirements. *Id.* at 1404-05.  After an appeal to the Tenth Circuit, a remand, and another appeal, the Supreme Court granted certiorari to decide whether the relator met the jurisdictional requirement of being an original source under 31 U.S.C. § 3730(e)(4).  *Id.* at 1405.

After holding that the relator did not qualify as an original source, the Supreme Court considered and rejected the relator's argument that "the Government's intervention in [the] case provided an independent basis of jurisdiction" such that the relator's status as an original source was immaterial.  *Id.* at 1410.  However, the Court held that its conclusion did not "cast into doubt the courts' jurisdiction with respect to the Government" and that it would not set aside the Government's judgment.  *Id.* at 1411.  The Court relied on the language of the False Claims Act, which permits jurisdiction over an action based on publicly disclosed allegations or transactions if "the action is brought by the Attorney General or the person bringing the action is an original source of the information."  31 U.S.C. § 3730(e)(4)(A).  The Court held that "an action originally brought by a private person, *which the Attorney General has joined*, becomes an action brought by the Attorney General once the private person has been determined to lack the jurisdictional prerequisites for suit."  *Rockwell*, 127 S.Ct. at 1411 (emphasis added).

Thus, the Government's intervention in *Rockwell* resulted in, for jurisdictional purposes, an action brought by the Attorney General.  In this case, by contrast, the Government has not intervened, nor did the Government express any interest in

intervening until after this Court issued its Order dismissing the case for lack of subject matter jurisdiction. Without such intervention, there is no remaining "action brought by the Attorney General" now that Maxwell "has been determined to lack the jurisdictional prerequisites for suit."[3]  *Rockwell*, 127 S.Ct. at 1411.  Accordingly, this Court has no jurisdiction to enter judgment on behalf of the United States, and relator's counsel's motion is denied.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby ORDERED that relator's counsel's Motion to Finalize and Enter Judgment on Behalf of the United States of America (Dkt. # 232) is DENIED.  It is further ORDERED that the United States' Motion to Stay Entry of Judgment for Thirty Days (Dkt. # 233) is DENIED.  The Clerk of the Court shall forthwith enter judgment in accordance with this Court's March 30, 2007 Order dismissing this action for lack of subject matter jurisdiction.

DATED:  May 2, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge

---

[3]  Notably, the United States similarly argued in its Motion to Stay that, under *Rockwell*, "*where the United States has intervened* in a qui tam case, the court has an independent basis for jurisdiction even if the relator is an improper relator." U.S.'s Mot. at 4 (emphasis added).