IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-01224-PSF-CBS

UNITED STATES OF AMERICA, *ex rel.*
BOBBY MAXWELL,

    Plaintiffs,

v.

KERR-McGEE OIL & GAS CORPORATION, a Delaware corporation,

    Defendant.

## ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

This matter is before the Court on Relator's F.R.Civ.P. 59(e) Motion to Alter or Amend Judgment (Dkt. # 243), filed on May 17, 2007. The United States, which is not a party to this litigation, submitted a Statement of Interest (Dkt. # 246) on May 17, 2007. Defendant Kerr-McGee Oil & Gas Corporation ("Kerr-McGee") filed responses (Dkt. ## 249, 250, 251) on June 1, 2007. Having considered the arguments of counsel and the applicable law, the Court now enters the following Order.

**I.    BACKGROUND**

Relator Bobby Maxwell requests that the Court alter or amend the judgment dismissing this case for lack of subject matter jurisdiction and determine that subject matter jurisdiction exists. In support of his request, Maxwell contends that this Court committed clear error and that there has been an intervening change in the controlling law, which warrants reconsideration of the judgment of dismissal.

The factual background of this case is adequately set forth in this Court's March 30, 2007 Order of Dismissal for Lack of Subject Matter Jurisdiction (Dkt. # 231). Briefly, relator brought this *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, based on Kerr-McGee's alleged fraudulent underpayment of royalties on certain federal oil leases to the Minerals Management Service ("MMS"), an agency of the United States. A jury trial was held, and the jury returned a verdict in favor of relator on January 23, 2007. However, on March 30, 2007, before judgment was entered, the Court entered an Order granting Kerr-McGee's Motion to Dismiss for Lack of Subject Matter Jurisdiction and dismissing the case with prejudice.

In the Order of Dismissal, the Court held Maxwell was not a proper relator because this action was based upon a public disclosure within the meaning of the FCA, and Maxwell was not an original source of the information on which the allegations were based. 31 U.S.C. § 3730(e)(4)(A) ("No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions . . . unless the action is brought by the Attorney General or the person bringing the action is an original source of the information."). In his motion to amend, Maxwell challenges only the Court's public disclosure analysis and does not challenge the Court's holding that Maxwell was not an original source.

The "public disclosure" that the Court found had occurred in this case involved an e-mail exchange between David Darouse, an employee of the State of Louisiana, and Roman Geissel, an MMS agent, in early April 203. Applying the appropriate three-pronged public disclosure analysis, the Court held that: (1) Maxwell waived any

argument that the disclosure was not from a "listed source" under the FCA; (2) Maxwell's complaint was "based upon" the disclosure, and Maxwell waived any argument that it was not; and (3) the e-mail constituted a "public disclosure." Order at 12–17.  Judgment was entered in favor of Kerr-McGee on May 3, 2007 (Dkt. # 240).

## II.     ANALYSIS

Relator filed the underlying motion to alter or amend judgment pursuant to F.R.Civ.P. 59(e), which allows such motions to be filed within ten days of entry of judgment.  Relator's motion was timely filed within ten business days of judgment in this case.  Under Tenth Circuit authority, there are three major grounds that justify reconsideration under Rule 59(e): (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).  A Rule 59(e) motion "is not a license for a losing party's attorney to get a second bite at the apple and make legal arguments that could have been raised before." *Mantle Ranches, Inc. v. United States Park Serv.*, 950 F. Supp. 299, 300 (D. Colo. 1997) (quotation omitted); *see also All West Pet Supply Co. v. Hill's Pet Prods. Div.*, 847 F. Supp. 858, 860 (D. Kan. 1994) ("A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court.").

In his motion to amend, relator largely rehashes the arguments he made in opposition to Kerr-McGee's motion to dismiss.  The majority of the motion focuses on whether the e-mail constitutes a "public disclosure" under the FCA even though the

recipient of the e-mail, Darouse, was obligated to keep the e-mail confidential.  *See* Rel.'s Mot. at 2–15.  Relator also argues that there was no public disclosure because Darouse and the State of Louisiana were not "strangers to the fraud."  *Id.* at 16–17.  The Court squarely addressed these same arguments in its Order of Dismissal, relying on *United States ex rel. Fine v. MK-Ferguson*, 99 F.3d 1538 (10th Cir. 1996), and rejecting relator's reliance on *United States ex rel. Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514 (10th Cir. 1996).  Order at 15–17.  There is nothing new in relator's motion to amend, in which relator again espouses *Ramseyer* and attempts to distinguish *MK-Ferguson.*  Relator also fails to point to any evidence contradicting the Court's conclusions that the State of Louisiana was not a party to any of the leases in question in the underlying action and that Darouse was not acting as a federal auditor at the time of his communication with Geissel.  Order at 15, 17.  Thus, relator's arguments regarding whether the Darouse/Geissel e-mail constituted a public disclosure were "previously considered and rejected" by this Court and do not provide a valid basis to alter or amend the judgment.  *All West Pet Supply Co.*, 847 F. Supp. at 860.

Maxwell next argues that the Supreme Court's decision in *Rockwell International Corp. v. United States*, 127 S.Ct. 1397 (2007), "changes the 'public disclosure' analysis."  Rel.'s Mot. at 17.  In *Rockwell*, however, the defendant had conceded that the claims at issue were based upon public disclosures, and the issue was whether the relator qualified as an original source.  *Rockwell*, 127 S.Ct. at 1405.  *Rockwell* does not purport, either expressly or by implication, to alter the Tenth Circuit's standard applied

by this Court with respect to when a claim is "based upon" a public disclosure. Thus, *Rockwell* does not constitute an intervening change in the controlling law warranting reconsideration of the judgment of dismissal.

Finally, the United States, relying on Tenth Circuit authority and without citing *Rockwell*, argues that Maxwell's complaint is not "based upon the public disclosure of allegations or transactions" within the meaning of the FCA. 31 U.S.C. § 3730(e)(4)(A). As noted by the Court in its Order of Dismissal, however, Maxwell raised no argument in its opposition to Kerr-McGee's motion to dismiss that under controlling Tenth Circuit law the allegations in Maxwell's complaint were not "based upon" publicly disclosed allegations. Order at 12. Thus, Maxwell has waived any such arguments, which cannot now be presented as a basis to alter or amend the judgment. *United States ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1279 (10th Cir. 2001) (stating, in the context of a *qui tam* suit, that "[g]rounds or arguments in support of subject matter jurisdiction may be waived like any other contention").

## III.    CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Relator's F.R.Civ.P. 59(e) Motion to Alter or Amend Judgment (Dkt. # 243) is DENIED.

DATED: June 8, 2007

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge